## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JENNIFER M. HALIBURTON,      )
                                 )
      Plaintiff,             )
                                 )
v.                               )      Case No.:
                                 )
ORANGE LAKE COUNTRY CLUB INC.  )
d/b/a HOLIDAY INN CLUB         )
VACATIONS,                )
                                 )
      Defendant.          )
_____)

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff JENNIFER M. HALIBURTON (hereinafter "Plaintiff" or "Haliburton"), and files her complaint against Defendant ORANGE LAKE COUNTRY CLUB INC., d/b/a HOLIDAY INN CLUB VACATIONS (hereinafter "Defendant" or "Orange Lake") and in support she states the following:

### NATURE OF THE CLAIMS

1.      This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her disability and Defendant's intentional infliction of emotional distress leading to Plaintiff's constructive discharge.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5.      Plaintiff, Haliburton, is a citizen of the United States, and is and was at all times material a resident of the State of Florida, residing in Polk, County, Florida.

6.      Defendant, Orange Lake, is a Delaware For Profit Corporation with its principal place of business in Kissimmee, Florida located in Osceola, County, Florida.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On or about February 24, 2017, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

10.     Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

11.     On May 16, 2019, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

12.     This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13.     Plaintiff is disabled.

14.     Plaintiff suffers from muscular dystrophy, bi-polar II, and anxiety.

15.     Defendant was aware of Plaintiff's disabilities upon her hire as due to her disability she wears metal braces on her lower legs/feet and uses a push-walker to assist her with walking and balance.

16.     Plaintiff's disability limits her daily life activities such as walking.

17.     Plaintiff worked for Defendant as a Call Transfer Agent wherein her job duties included answering overflow calls from the Holiday Inn, selling vacation packages, and inputting customer billing information.

18.     Plaintiff did not require any reasonable accommodations and was able to perform her job duties. Initially, Plaintiff was seated somewhat apart from much of Defendant's staff so that she could have her push-walker easily accessible, near her at all times, and it would not be distracting to others or "in the way."

19.     Plaintiff enjoyed her first weeks as a Call Transfer Agent and consistently met her weekly sales quotas.

20.     However, when James Dixon became the Night Shift Call Center Manager, there was an immediate and drastic shift in the work environment.

21.     Mr. Dixon targeted Plaintiff due to her disability.

22.     Solely to harass Plaintiff, Mr. Dixon directed Plaintiff to move her desk from its original location to a more populated area of the call center. After relocating to the more populated area of the call center, Plaintiff's colleagues would regularly play with her push-walker as if it was a toy, remove it from Plaintiff's reach and run up and down the hallway with it. Al (no last name) Supervisor, witnessed Plaintiff's colleagues treating her push-walker, a piece of durable medical equipment, as a toy and did nothing to stop it, thus ratifying the discriminatory behavior.

23.     To further harass, embarrass, discriminate against, and make the workplace intolerable for Plaintiff, Mr. Dixon commented to Plaintiff in front of all of her colleagues, "Haliburton, I am going to buy you a motorized scooter so you can run to the board and put your bookings on the board and run back to your desk." Immediately, Plaintiff's colleagues burst into laughter – at Plaintiff's expense – causing her great shame, embarrassment, and harm.

24.     Mr. Dixon frequently walked by Plaintiff's work area and would kick or hit the back of her chair with his water bottle in a jarring manner and exclaim "Get it together Haliburton" or "Pick it up, Haliburton." No other non-disabled employees were treated in this manner. Mr. Dixon's extreme and outrageous actions caused Plaintiff heightened anxiety and harm.

25.     Plaintiff requested a shift change from working the overnight shift to working the morning shift to extricate herself from the hostile and discriminatory work environment, however her request was denied. Defendant cited Plaintiff's "production" as the reason for denying her request. This came to a surprise to Plaintiff as Defendant had not raised any performance issues with Plaintiff to date.

26.     Plaintiff escalated her concerns regarding Mr. Dixon's discriminatory behavior to Nikki Murphy, Human Resources. Ms. Murphy then forwarded Plaintiff's complaint to Marissa

Torres, Senior Manager of Human Resources. Despite Plaintiff's complaint, no remedial action was taken.

27.     Instead, in retaliation for reporting Mr. Dixon's discriminatory behavior Defendant issued Plaintiff a write-up for not meeting her sales goals – the very same day Plaintiff raised her concerns. However, upon information and belief due to her disability, Mr. Dixon radically decreased Plaintiff's call volume intentionally, to negatively impact her production in an effort to create pretext for Plaintiff's termination.

28.     Mr. Dixon and Amond (last name unknown) then met with Plaintiff where Mr. Dixon acknowledged he made the discriminatory comments and offered an insincere apology. Amond further physically destroyed Plaintiff's write-up, seemingly to suggest it was removed from Plaintiff's record. Plaintiff then returned to work hopeful the work environment would become less hostile and discriminatory

29.     Plaintiff excelled and had at least nine (9) sales in one week. Despite meeting her sales quota for the week and in further retaliation for her complaints of discrimination, Defendant issued Plaintiff another discriminatory and retaliatory write-up citing "production" for the prior week. Plaintiff became visibly upset by Defendant's retaliatory action.

30.     Plaintiff again reached out to Ms. Torres to report the discrimination, harassment, and retaliation, but received no response.

31.     During Plaintiff's next shift, Mr. Dixon and Amond confronted Plaintiff regarding the previous day's events and falsely accused Plaintiff of acting in a "disrespectful" manner in the work place. Defendant notified Plaintiff she would be suspended without pay and that Human Resources would contact her to discuss further steps.

32.     Based on Defendant's prior inaction and an intolerable hostile work environment, at such time Plaintiff was forced to tender her resignation.

33.     Defendant's illegal conduct has caused Plaintiff harm.

### Count I: Disability Discrimination under the ADA

34.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

35.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36.     Plaintiff was able to perform the essential functions of her job at the time of her constructive discharge.

37.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38.     Defendant violated the ADA by constructively terminating and discriminating against Plaintiff based on her disability.

39.     Plaintiff has been damaged by Defendant's illegal conduct.

40.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

41.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II: Retaliation under the ADA

43.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

44.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity, raising her concerns regarding Defendant's discriminatory actions, by constructively discharging her employment.

45.     Defendant's conduct violates the ADA.

46.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

47.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

48.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III: Handicap Based Discrimination in Violation of the FCRA

49.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

50.     Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

51.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

52.     Defendant violated the FCRA by constructively terminating and discriminating against Plaintiff based on her handicap.

53.     Defendant intentionally discriminated against Plaintiff on the basis of her handicap.

54.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

55.     Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count IV: Retaliation in Violation of the FCRA

56.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

57.     At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

58.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity when she raised concerns about Defendant's discriminatory behavior.

59.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

60.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count V: Constructive Discharge

61.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

62.     Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

63.     Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and failed to take remedial action.

64.     Defendant's deliberate actions forced Plaintiff to resign her position.

## Count VI: Intentional Infliction of Emotional Distress

65.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

66.     Defendant engaged in deliberate conduct when it repeatedly failed to take remedial action following Plaintiff's numerous complaints and its own first-hand knowledge of the discriminatory and harassing behavior Plaintiff endured, thus ratifying the discrimination and harassment.

67.     Defendant's conduct was extreme and outrageous.

68.     Defendant's extreme and outrageous conduct caused Plaintiff to suffer severe emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Abby D. Salzer*
Abby D. Salzer
Florida Bar No.: 591475
**Spielberger Law Group**
4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 104
F: (866) 580-7499
Abby.Salzer@spielbergerlawgroup.com

*Counsel for Plaintiff*